# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-CR-106-KAC-DCP |
| | ) | |
| CHRISTOPHER ALLEN TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Christopher Allen Taylor's Motion to Continue Trial and All Associated Deadlines [Doc. 29], filed on June 26, 2024.

Defendant Taylor asks the Court to continue the trial and all associated deadlines. In support of his motion, Defendant asserts that defense counsel was appointed to represent him on June 20, 2024, and requires additional time to conduct necessary investigation, review voluminous discovery, determine if any pretrial motions are merited, and otherwise prepare for trial. Defendant understands that the requested continuance is necessary, and that any continuance of time is excludable for purposes of the Speedy Trial Act. Counsel for the Government confirmed with Chambers via email that he does not oppose the requested continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18

U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to review discovery, determine if any pretrial motions are appropriate, and otherwise prepare for trial. The Court finds that all of this cannot occur before the July 7, 2024 trial date.

The Court therefore **GRANTS** Defendant Christopher Allen Taylor's Motion to Continue Trial and All Associated Deadlines [**Doc. 29**]. The trial of this case is reset to **October 15, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on June 26, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Christopher Allen Taylor's Motion to Continue Trial and All Associated Deadlines [**Doc. 29**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **October 15, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **June 26, 2024**, and the new trial date of **October 15, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **July 26, 2024**, and responses to motions are due on or before **August 9, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **September 13, 2024**;

(6) the deadline for filing motions *in limine* is **September 25, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **September 26, 2024, at 10:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **October 1, 2024**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge