IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:23-CR-106-KAC-DCP |
| CHRISTOPHER ALLEN TAYLOR, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Christopher Taylor's Motion to Continue Trial and All Associated Deadlines [Doc. 33], filed on September 6, 2024.

Defendant Taylor asks the Court to continue the trial date and all associated deadlines [Doc. 33]. In support of the motion, Defendant asserts that defense counsel was appointed to represent him on June 20, 2024, and requires further time to review discovery, conduct necessary investigations, and prepare for trial [*Id.* ¶ 2]. He notes that counsel is still reviewing discovery, which contains thirty-two gigabytes of data across approximately 3,600 files, including audio and video recordings [*Id.* ¶ 3]. Defense counsel confirmed with Chambers via email that Defendant Taylor understands that any continuance of time is excludable for purposes of the Speedy Trial Act. Counsel for the Government informed Chambers via email that he does not oppose the requested continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to continue reviewing discovery, investigate, and otherwise prepare for trial. The Court finds that this cannot occur before the October 15, 2024 trial date.

The Court therefore **GRANTS** Defendant Christopher Taylor's Motion to Continue Trial and All Associated Deadlines [**Doc. 33**]. The trial of this case is reset to **February 11, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the initial motion on September 6, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Christopher Taylor's Motion to Continue Trial and All Associated Deadlines [**Doc. 33**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 11, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **September 6, 2024**, and the new trial date of **February 11, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **October 7, 2024**, and responses to motions are due on or before **October 21, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 13, 2025**;

(6) the deadline for filing motions *in limine* is **January 27, 2025**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **January 28, 2025, at 2:30 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 31, 2025**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge